**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

Ricky Lamar Turner,                    )
      Petitioner,                    )
                                    )
                                    )
v.                                     )              **1:13cv998 (TSE/JFA)**
                                    )
Director, Virginia Dep't of Corrections,  )
      Respondent.                    )

<u>MEMORANDUM OPINION</u>

Ricky Lamar Turner, a Virginia inmate proceeding <u>pro se</u>, has filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction of traffic-related

offenses and subsequent violation of his probation in the Circuit Court for the City of Suffolk.

By Order dated September 27, 2013, petitioner was directed to particularize and amend his

petition using the standard form for filing a federal § 2254 application, which would then serve

as the sole petition in this action.  In addition, petitioner was instructed either to pay the

applicable filing fee for this action or to apply to proceed <u>in forma pauperis</u>.  Petitioner complied

with those instructions.  After review of the amended petition, an Order was entered on October

30, 2013, granting petitioner's application to proceed <u>in forma pauperis</u> in this action and

allowing him thirty (30) days within which to show cause why his petition should not be

dismissed as time-barred by the applicable statute of limitations. After requesting and receiving

an extension of time to comply, petitioner filed a Memorandum of Law in Support of Tolling on

Petition for Writ of Habeas Corpus (hereinafter "Pet. Mem.") on  November 21, 2013.  After

careful consideration of petitioner's arguments, his petition must be dismissed as time-barred.

Pursuant to 28 U.S.C. § 2244(d), a petition for a writ of habeas corpus must be dismissed

if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment

to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional

right asserted; or (4) the factual predicate of the claim could have been discovered with due

diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In this case, petitioner was convicted of (1) driving

after being adjudicated an habitual offender, second or subsequent offense and (1) probation

violation on October 19, 2007, in the Circuit Court for the City Stafford. Am. Pet. at 1.

Petitioner filed a direct appeal in the Virginia Court of Appeals, but the petition was withdrawn

on June 23, 2008 after counsel advised petitioner that there were no appealable issues. Am. Pet.

at 2; see Turner v. Commonwealth, R. No. 0747-08-01.[1] Therefore, petitioner's conviction

became final at the latest on that date.

In calculating the one-year limitations period, the Court generally must exclude the time

during which properly-filed state collateral proceedings pursued by petitioner were pending. See

28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005). Here, however, petitioner

did not commence his first postconviction proceeding until April 3, 2012, when he filed a state

habeas corpus petition in the Supreme Court of Virginia, raising claims of (1) collateral estoppel,

(2) insufficient evidence, and (3) violation of his right to due process. Am. Pet. at 4. By then

almost three (3) years had elapsed since the federal statute of limitations expired. Therefore, the

pendency of that state habeas corpus proceeding and two more that followed, Am. Pet. at 11-12,

could not toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.

2003) ( "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has

ended before the state petition was filed.") ; Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.

2000) (holding that a state postconviction motion filed after expiration of the limitations period

_____

[1]The date the petition was withdrawn was obtained at the Case Information website of the Court
of Appeals of Virginia.

cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Accordingly, this petition was filed untimely pursuant to § 2244(d).

In response to the Order of October 30, petitioner has filed a Memorandum of Law. His arguments are somewhat difficult to follow, but it appears that he seeks equitable tolling of the limitations period based upon what he characterizes as ineffective assistance of counsel, fraud upon the court, and actual innocence. In addition, petitioner argues that application of the limitations period to him violates the *ex post facto* prohibition.

The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes .... We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3)

prevented him from filing on time.  Id.  On the other hand, it is settled that a petitioner's own lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling.  See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

Petitioner's argument that he is entitled to equitable tolling of the limitations period based on his counsel's ineffective assistance is unpersuasive.  "A claim of ineffective assistance [generally must] ... be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  Edwards v. Carpenter, 529 U.S. 446, 452 (2000), quoting  Murray v. Carrier, 477 U.S. 478, 489 (1986).  Here, petitioner raised a claim of ineffective assistance in his second state collateral proceeding, which was filed in November, 2012 and dismissed as procedurally defaulted.  Pet. at 4-5.  Because petitioner in this case has failed to pursue his claim of ineffective assistance successfully in the state forum, it cannot be used here as a basis for equitable tolling under § 2244(d).

Moreover, absent circumstances not present here, ineffective assistance even if shown rarely provides a basis for equitable tolling.  See Rouse, 339 F.3d at 248 (quoting Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); see also, Harris, 209 F.3d at 330-31; Broadnax v. Angelone, No. 2:02cv158, 2002 WL 32392670, at * 1 (E.D.Va. Sept. 19, 2002).  Apparently, petitioner contends that counsel provided ineffective assistance by conceding at trial that petitioner was an habitual offender "without even the prosecution offering evidence in support." Pet. Mem. at 2.  However, petitioner fails to offer an explanation of why, even if counsel did make such a concession at trial in October, 2007, petitioner waited until November, 2012 to raise a claim of ineffective assistance in a state collateral proceeding.  Pet. at 4-5.  Because a petitioner who fails to act diligently in pursuing his federal remedy does not merit equitable tolling,

Spencer, 239 F.3d at 630, that relief is not warranted here.

Similarly, petitioner's argument that the statute of limitations should be equitably tolled because a fraud was perpetrated upon the trial court is difficult to follow, as he never clearly explains the nature of the fraud he alleges.[2] However, it is unnecessary to belabor the point, because the first time he raised such an argument in the state court occurred in November, 2012, over five years after the trial concluded. Pet. at 4-5. Thus, as with the foregoing argument, petitioner's own lack of diligence in pursuing his remedies precludes equitable tolling of the limitations period. Spencer, 239 F.3d at 630.

Petitioner also contends that because he is actually innocent of being an habitual offender, he is entitled to equitable tolling pursuant to McQuiggin v. Perkins, 569 U.S. __ , 133 S.Ct. 1924 (2013). In McQuiggin, the Court held that a convincing claim of actual innocence can overcome the AEDPA statute of limitations. However, as with an actual innocence claim in the context of other procedural defaults, the exception applies only is a "severely confined category" - that is, cases in which new evidence shows that "it is more likely than not that 'no reasonable juror' would have convicted" the petitioner had the evidence been available at trial. Id., 133 S.Ct. at 1928, quoting Schlup v. Delo, 513 U.S. 298, 329 (1995). Here, petitioner's conclusory arguments that new evidence of some ill-defined "fraud" by the Commonwealth undermines the validity of his convictions, see n. 2, supra, falls far short of meeting this exacting standard. Therefore, petitioner's reliance on McQuiggin to overcome the untimeliness of this petition is unavailing.

---

[2]Specifically, petitioner asserts without further detail: "Where defendant's attorney relies upon unconstitutional and fraudulent driving transcripts provided under state law, by a state department, to a state court prosecutor, then concedes to the transcripts as factual predicate acknowledging the fraud as if it is a predetermined fact, thus prejudicing the defendant, it is preponderant that there has been a fraud on the court perpetrated and that an attorney is involved." Pet. Mem. at 3.

In his final argument, petitioner states that upon his birth on January 30, 1958, he "inherited the United States Constitutional rights, protections and privileges entitled to all Americans." Because the AEDPA was not enacted until 1996, he argues that its application to him would constitute a violation of the *ex post facto* prohibition. Pet. Mem. at 6. Distilled to its essence, petitioner's position appears to be that the Constitution is offended when a person is required to abide by any law that is enacted after the date of his or her birth. It requires no analysis to conclude that such an argument is specious.

In short, none of petitioner's arguments, alone or in concert, is sufficient to warrant equitable tolling of the § 2254(d) limitations period. Further, petitioner has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result." Rouse, 339 F.3d at 246. Accordingly, this petition is time-barred from federal consideration, and must be dismissed with prejudice. An appropriate Order shall issue.

Entered this ___6th___ day of ___December___ 2013.

Alexandria, Virginia

/s/
_____
T. S. Ellis, III
United States District Judge